[No. 3,304.]

## GUISEPPE PITTE *v.* VIRGINIA ROSA SHIPLEY, AND CHARLES W. GRANT AND WILLIAM A. PLUNKETT, Administrators with the will annexed of James Fuller, deceased, et al.

Mortgage Claim must be presented to Executor for Allowance.— A mortgage given by the deceased upon property which, after his death, becomes general assets of the estate, must be presented for allowance to the executor or administrator and Probate Judge, within the time fixed for the presentation of claims against the estate, and if not so presented cannot be enforced in equity, even if no claim is made against the estate for a deficiency.

Claim against Estate.—A verbal allowance of a claim against an estate by an executor or administrator, gives the claimant no cause of action.

Construction of Statute.—A word repeatedly used in a statute will bear the same meaning throughout the statute, unless it is apparent that another meaning is intended.

Appeal from the District Court, Twelfth Judicial District, City and County of San Francisco.

This action was brought against the administrators *cum testamento annexo* and heirs of James Fuller, deceased, to foreclose a mortgage of certain real estate given to secure a promissory, note dated November 12th, 1862, payable two years after date. The mortgagor died in December, 1862. The complaint alleges that the mortgagee, within ten months next after the publication of notice to creditors, called upon the widow of the deceased, who was at the time executrix of the estate, and presented the mortgage; that she verbally allowed the claim, waiving all other proof and authentication, and that she afterwards paid the interest on the note as it became due, down to April 12th, 1866. In 1869 the widow married Dr. Shipley, and afterwards defendants Grant and Plunkett were appointed administrators. The defendants had judgment upon demurrer, and the plaintiff appealed.

*Lewis Shearer*, for Appellant.

It was not necessary to present this mortgage claim to the representative of the deceased mortgagor before bringing suit to foreclose, where no judgment for a deficiency is asked.

1. Because any provision of the Probate Act requiring presentation in such a case as a condition precedent to bringing suit is unconstitutional; this is a proceeding of purely equitable cognizance. (Art. 178, Sec. 6, Constitution of California; *Maybury* v. *Madison*, 1 Cranch, 137; 2 Story on the Constitution, Sec. 1703; *People ex rel. Attorney General Ex Parte*, 1 Cal. 85; *Hudson* v. *Caulfield*, 3 id. 389; *Wilson* v. *Roach*, 4 id. 362; *Guy* v. *Hermance*, 5 id. 73; *Zander* v. *Coe*, 5 id. 230; *Belloc* v. *Rogers*, 9 id. 129; *Carr* v. *Caldwell*, 10 id. 385; Art. 6, Sec. 8, Constitution of California; Probate Act, and particularly Secs. 5813, 5852, 5853, 5862, 5866, 5872, 5884, Hittell's Dig., Prob. Act.)

2. Because such presentation is not contemplated or required by law; there is a recognized distinction between a

general debt of the deceased and a lien to be enforced against specific property. (Practice Act, Sec. 246; Probate Act, Secs. 5838, 5852, 5870, 5884, Hittell's Digest; *Carr* v. *Caldwell,* 10 Cal. 380; *Fallon* v. *Butler,* 21 id. 31; *Willis* v. *Farley,* 24 id. 498; *Ellis* v. *Polhemus,* 27 id. 356; *Christy* v. *Dana,* 34 id. 553; *Wright* v. *Ross,* 36 id. 439; *Belloc* v. *Rogers,* 9 id. 123.)

That the statute imposing a penalty for non-presentation is remedial and must be construed liberally, see *Martin White* v. *The Mary Ann,* 6 Cal. 462; Sedgwick on Stat. and Const. Law, 359–61; *Cullerton* v. *Mead,* 22 Cal. 98.

3. Because presentation being required only to inform the representative of the estate, it was not essential in this case, where the executrix was fully advised, and knew of this mortgage from its inception. (*Gansevoort* v. *Nelson,* 6 Hill, 391.)

4. Because in the case at bar there was no necessity to present before suit, inasmuch as no sufficient notice to creditors was ever given. (*Murray* v. *Smith,* 9 Bosworth, 691; *Hardy* v. *Ames,* 47 Barb. 413; *Harvey* v. *Skillman's Ex'rs,* 22 Wend. 571; Probate Act, Sec. 5826, Hittell; *Jenkins* v. *Wild,* 14 Wend. 545; *Argall* v. *Smith,* 3 Denio, 437; *Whitmore* v. *Foose's Ex'rs,* 1 Denio, 159.)

*John M. Burnett,* for Respondent.

Mortgages and liens of record are claims against an estate, and must be presented. (*Ellissen* v. *Halleck et al.,* 6 Cal. 386; *Ellis* v. *Polhemus,* 27 id. 350.) "Debt" includes everything that can be recovered in law or in equity. (*Sellis Case,* 4 Abb. Pr. 272; 4 Brad. Surr. 218.) Hence "debt" includes the subject matter of this action. Now "demand" is more comprehensive than "debt," and includes it. (*Matter of Denny,* 2 Hill, 223.) But "claim" is the "largest word of the law," and includes "demand" and "debt." (*Vedder* v. *Vedder,* 1 Denio, 257.) Therefore a mortgage and

note are a "claim," and must be presented. Again : words having a " well known and definite meaning in the law " are supposed to bear that meaning in statutes. (*Harris* v. *Reynolds*, 13 Cal. 514 ; *State* v. *Smith*, 5 Hump. 396 ; *Ex Parte Vincent*, 26 Ala. 145.) The word "claim" has a well known and definite meaning (authorities cited above), and hence must bear it in sections one hundred and thirty-one and one hundred and thirty-six of the Probate Act.

A word in a statute is presumed to have the same meaning throughout. *Reg.* v. *Com. of Poor Laws, Holburn Union*, 6 A. & El. 68, 69.) A word in an amendment is presumed to bear the same sense as in the original bill.. (*Robbins* v. *Omnibus R. R. Co.*, 32 Cal. 474.) Now the word "claim" in the last sentence of section one hundred and thirty-one of the Probate Act, includes mortgages. (*Ellis* v. *Polhemus*, 27 Cal. 350.) Hence it has the same meaning in the first part of that section.

A mortgage being the incident of the debt, cannot be enforced unless the debt itself can be enforced. It is barred with the debt. (*Willis* v. *Farley*, 24 Cal. 499, and authorities cited.) Now it will be admitted that the note must be presented before any action can be maintained on it. Hence this action cannot be maintained without such presentation.

In passing upon the constitutionality of an Act this Court will not declare the law unconstitutional, unless it so plainly appears—the presumption being in favor of the action of the Legislature. Yet it has been held that words in different sections of the Constitution have the same meaning, unless the contrary appears, even if that will be the means of declaring a law unconstitutional. (*People* v. *Eddy*, 43 Cal. 331.) *A fortiori*, this rule holds good in the construction of statutes. Section one hundred and thirty-three of the Probate Act expressly mentions "claim secured by a mortgage or other lien."

Again, the whole Act must be considered in arriving at

the intention of the law maker, and that intent must be
sought for in the Act itself.    (Sedgwick on Statutory and
Constitutional Law, 243.)

The Act having mentioned claims secured by a mortgage
in one part must be deemed to have intended to include
them in the other part.

By the Court, NILES, J:

Neither the promissory note, nor the mortgage given to
secure it, was formally presented to the executrix or Probate
Judge for allowance within ten months after the publication
of notice to creditors.    The note was made by the decedent
alone, and the land mortgaged by him to secure its payment
was a part of his general estate.    The question is presented
as to the effect of this failure to present the claim upon the
rights of the plaintiff, who now seeks merely to foreclose
his mortgage, but prefers no claim against the estate for any
deficiency.

No case exactly like this has hitherto been before the
Court, although the several sections of the Probate Act,
upon which its determination depends, have been consid-
ered and construed in cases somewhat similar.

In *Fallon* v. *Butler*, 21 Cal. 32, the promissory note had
been presented and allowed as a claim against the estate,
and the question was, whether the lien of the mortgage
could be enforced in equity, notwithstanding such allowance,
or must be enforced in the Probate Court by an executor's
sale of the mortgaged premises and appropriation of the
proceeds to the payment of the secured debt.    While it was
held that the District Court had jurisdiction of the fore-
closure proceedings, it was said that the presentation and
allowance of the note "were necessary to secure the pay-
ment of the debt out of the general estate, if that were de-

sired, and *perhaps, also, to prevent the debt from being barred by the statute, and thus to uphold the mortgage.*"

In *Christy* v. *Dana,* 34 Cal. 553, the plaintiff sought to foreclose a mortgage upon property which had been conveyed by the decedent, prior to his death, to the defendant. The failure to present the claim for allowance to the administratrix was urged as a bar to the plaintiff's recovery. It was held that such presentation was unnecessary, inasmuch as no relief was demanded against the estate, "and the intestate, at the time of his death, had no interest in the land."

In *Sichel* v. *Carillo,* 42 Cal. 505, the mortgage in suit was executed by the wife of one John Rains, upon her separate property, to secure the payment of her husband's individual note. The note was not presented to the administrator of Rains within ten months after publication of notice to creditors, and the widow defended the suit to foreclose the mortgage upon this ground. The Court held that while the action against Rains was barred by the failure to present the claim, the right of action upon the mortgage survived. But this decision was placed upon the ground that the mortgage was not the contract of Rains, nor was the mortgaged property a portion of his estate. Only the remedy upon the note was barred by failure of presentation; but the debt itself was not paid, satisfied, discharged, or in any way extinguished, and the defendant's land remained subject to the lien created by her own contract for its payment. But the question now presented was expressly reserved in the following terms: "It may be that when the personal liability is against the estate, and the mortgaged property belongs to the estate, so that, in any event, the debt would have to be satisfied out of the estate, it would be necessary to present the claim to prevent a bar, and keep the remedy alive as to the debt, in order to uphold the remedy on the mortgage."

The doctrine of this case was applied in the case of *Schadt*

v. *Heppe*, 45 Cal. p. 433, in which a decree of foreclosure was sustained against property which had been set apart to the widow as a homestead by order of the Probate Court, after the death of her husband, the maker of the note and mortgage, notwithstanding neither were presented to the administrator for allowance. By the order of the Probate Court, the mortgaged property was segregated from the general estate. The administrator had no possession of it or control over it, and the presentation to him of a claim against that property would have been a vain and useless proceeding. The mortgage cannot be a claim against the estate when the estate has no interest whatever in the property mortgaged.

It will be readily perceived that none of the cases cited present the exact question involved in the present case. The distinction lies in the fact that here the mortgaged property belongs to the general estate, and is a portion of the assets in the hands of the executrix.

In the case of *Ellis* v. *Polhemus*, 27 Cal. 350, the meaning of the word " claim," as used in the last clause of section one hundred and thirty-one of the Probate Act, was under consideration. It was said by Chief Justice SANDERSON that " the meaning of the word ' claim ' is broad enough to embrace a mortgage or any other lien," and in support of this construction he refers to the one hundred and eighty-sixth section, in which " mortgages and other liens are expressly mentioned as valid claims against the estate." In the concurring opinion of Justices SHAFTER and SAWYER, the mortgage, as distinct from the note secured by it, was held to be within the scope of the word " claim," as limited by that section. It is a familiar principle of construction that a word repeatedly used in a statute will be presumed to bear the same meaning throughout the statute, unless there is something to show that there is another meaning intended.

Applying this rule, the opinion of the majority of the Court in *Ellis* v. *Polhemus* would seem to be decisive of this case.

It may be contended that the second clause of section one hundred and thirty-three recognizes a distinction between a claim considered as a direct demand for money due from the estate and the mortgage given to secure it. We understand this section to provide merely, that if a claim founded upon a bond, bill, note, or other instrument be secured by mortgage, the mortgage, or a note of the record may be attached and filed with the evidence of indebtedness, thus avoiding the necessity of a separate presentation and affidavit. It goes to the manner of presentation merely, but does not affect the question of its necessity.

Upon principle there would seem to exist the same reasons for the examination of a mortgage lien against the property of an estate by the executrix and the Probate Judge, and their opportunity to allow or reject it in part or wholly, as exists in the case of any other demand; for it must be satisfied, if at all, from the property of the estate which is in their charge, and which it is their duty to protect in the interest of creditors and heirs. We think that the failure to present the mortgage to the executrix and the Probate Judge in the manner required by the Probate Act, was fatal to plaintiff's recovery.

We do not deem it necessary to notice at length other points made by appellant. The alleged insufficiency of the notice to creditors is not material. Conceding it to have been fatally defective, this could only operate to extend the time for presentation of the claim until due and proper notice should be given.

Nor does the alleged verbal allowance of the claim by the executrix aid the plaintiff's case, for if a verbal allowance would be considered effectual in any case, still the action of

the Probate Judge upon the claim was as necessary as that of the executrix.

Judgment affirmed.

Mr. Chief Justice WALLACE did not express an opinion.