[Civ. No. 22068.   Second Dist., Div. One.   May 6, 1957.]

GLENN D. COREY, Appellant, v. GOODWIN J. KNIGHT, as Governor, etc., et al., Defendants; CLARKE GRAY, as County Auditor, etc., Respondent.

Waite & Drapeau and David R. Drapeau for Appellant.

Charles Kaplan and Arden T. Jensen as Amici Curiae on behalf of Appellant.

Roy A. Gustafson, District Attorney (Ventura), for Respondent.

FOURT, J.—This is an appeal from a judgment in a declaratory relief action wherein it was adjudged "that if plaintiff is Judge of the Justice Court of the Ventura Judicial District at the time when the district is found to have over 40,000 inhabitants, (1) a Municipal Court will thereupon supersede the Justice Court, (2) plaintiff will be ineligible to be Judge of the Municipal Court, (3) a vacancy will exist to be filled by

appointment of the Governor, (4) plaintiff will be compulsorily retired and (5) plaintiff will receive retirement benefits under the County Employees Retirement Law of 1937.''

A résumé of the facts in the case is as follows: In about 1947, the Legislature requested the Judicial Council to make a survey of all courts in California exercising jurisdiction inferior to the superior court. After an extensive study the Judicial Council, in 1949, recommended to the Legislature a plan for the reorganization of such courts (Twelfth Biennial Report [1948], Judicial Council of California). The Legislature, through committees, conducted public hearings, and as a result thereof some changes and additions were made in the proposed constitutional amendments and the proposed statutes drafted by the council. The interpretation to be given to some of the words added in one of the constitutional amendments which was proposed and adopted (art. VI, § 23) is the only real problem to be determined in this case. The language in question is contained in the ''exception'' section, generally referred to as the ''Grandfather Clause,'' the pertinent parts of which are as follows:

''No person shall be eligible to the office of a Justice of the Supreme Court, or of a district court of appeal, or of a judge of a superior court, or of a municipal court, unless he shall have been admitted to practice before the Supreme Court of the State for a period of at least five years immediately preceding his election or appointment to such office; provided, however, that any elected judge or justice of an existing court who has served in that capacity by election or appointment for five consecutive years immediately preceding the effective date of this amendment shall be eligible to become the judge of a municipal court by which the existing court is superseded upon the establishment of said municipal court or at the first election of judges thereto and for any consecutive terms thereafter for which he may be re-elected. . . .''

The Legislature voted to submit the proposed constitutional amendment to the people at the general election, November 7, 1950. The proposition was Number 3 on the ballot at that time, and was adopted by the people by a large majority. At the same election, section 11 of article VI of the Constitution was amended to provide for only two types of courts inferior to the superior court, namely, justice courts and municipal courts, and further to validate the laws relating to judicial districts enacted in the legislative session of 1949, in anticipation of the adoption of the constitutional amendments. The

amendments provided, among other things, in substance, that each county should be divided into judicial districts and that if the population of any district were over 40,000, the district should have a municipal court, or if under 40,000, a justice court. The Legislature, by section 1 of chapter 1511, Statutes 1949, directed the board of supervisors to district their counties. The new plan was to become effective January 1, 1952, except where two or more incumbent judges would be eligible to be judges of the new court, in which case section 2 of chapter 1510, Statutes 1949, provided that they ''shall not automatically succeed to judicial positions in the municipal or justice court, and the existing courts shall continue to function within the district until the first judge or judges of said municipal or justice court shall be elected by the qualified electors of the district at the first general state election held following the expiration of 90 days and qualify.''

Article VI, section 11, as amended in 1950, also contained a provision that ''existing courts shall continue to function as presently organized until the first selection and qualification of the judge or judges of the municipal or justice court, at which time, unless otherwise provided by law, pending actions, trials and all pending business of existing courts shall be transferred to and become pending in the municipal or justice court established for the judicial district or city and county in which they are situated, and all records of such superseded courts shall be transferred to, and thereafter be and become records of said municipal or justice court.''

On July 6, 1944, Ventura Township was one of nine townships into which Ventura County was divided. The court of Ventura Township was a class B justice court. The justice of the peace who presided over the court died and appellant herein was appointed by the board of supervisors to fill the vacancy.

The city of San Buenaventura (hereinafter referred to as Ventura) is located in the territorial limits of Ventura Township. The charter of Ventura provides for a police court and such court was presided over by Judge B. L. Gregg, a former member of The State Bar. Appellant's original term as justice of the peace expired January 6, 1947. He was elected to that position for the term from January 6, 1947, to January 2, 1951, and was reelected to that position for the term from January 2, 1951, to January 3, 1955. On October 26, 1951, the population of the township having been found to be over 30,000 by the 1950 census, the court became a class A justice court. The boundaries of the Ventura Judicial District were

established as of September 4, 1951, by Ordinance Number 472 of the Board of Supervisors of Ventura County, in conformity with the Statutes of 1949. The area of the district included, but was larger than, Ventura Township. The population of the district was less than 40,000.

On January 1, 1952, there were two judicial officers of courts within the area of Ventura Judicial District, namely, appellant as justice of the peace of Ventura Township, and B. L. Gregg as judge of the police court in the city of Ventura. Both were candidates for the office of judge of the Justice Court of Ventura Judicial District at the election in 1952. Appellant was not and never has been an attorney, and had not passed any examination prescribed by the Judicial Council. Appellant, who was over 70 years of age at the time of the election, was elected and took office as judge of the justice court on January 5, 1953, for the term ending January 5, 1959.

The Justice Court of Ojai Judicial District began functioning in January, 1952, because only one incumbent was eligible to the judgeship. The remaining four districts in Ventura County were inoperative as such, pending the election of judges. Judges were elected in 1952, and the four districts began functioning as such on January 5, 1953, or, in other words, on January 5, 1953, Ventura County had five judicial districts, each with a functioning justice court.

An action was filed in the superior court of Ventura County on July 5, 1956, for the purpose of having it declared that Ventura Judicial District had a population of over 40,000. On September 6, 1956, the trial judge of that court found that there were 40,000 or more persons in the district, and a municipal court is now in existence. Appellant contends that he is eligible to be, and that he is the judge of such municipal court now in existence. Appellant further asserts that he will continue to be a judge of the justice court if found to be ineligible to be the municipal court judge, until a municipal court judge is elected for the term beginning January 5, 1959. Respondent asserts that appellant is ineligible and he cannot pay appellant now that such municipal court is established; that appellant's term is now terminated as of September 6, 1956, the date upon which the municipal court was declared to be in existence, and appellant is compulsorily retired, and that a vacancy existed which was to be filled by appointment by the Governor.

Appellant, in his briefs and in the oral argument, has made

issue of the first contention heretofore mentioned, namely, that he is eligible to become judge of the municipal court of Ventura Judicial District, and no argument or authorities were presented on the other matters, and we therefore assume that the disposition of the first question will dispose of this appeal.

Honorable Charles F. Blackstock, the learned trial judge, prepared findings of fact and conclusions of law and in his conclusions set forth the applicable law. We believe that the commentary of the trial judge concisely and correctly sets forth the law and we adopt his statements in reference thereto, as follows:

"Both parties concede that if Ventura Judicial District is found to have a population of 40,000 persons and if plaintiff is eligible to be a municipal court judge, the court will begin to function immediately with plaintiff as judge. Government Code, section 71080. Not being an attorney, plaintiff is eligible, if at all, only under this proviso of section 23 of article VI of the Constitution:

" '[A]ny elected judge or justice of an *existing court* who has served in that capacity by election or appointment for five consecutive years immediately preceding the effective date of this amendment shall be eligible to become a judge of a municipal court by which the *existing court* is *superseded* upon the establishment of said municipal court. . . .' (Emphasis added.)

"The basic question is the meaning of the words 'existing court.' The amendment was adopted November 7, 1950. Do the words refer to a court then existing or to a court existing at the time the amendment is invoked?

"The court over which plaintiff presided on November 7, 1950, was the Justice's Court of Ventura Township. The court over which he now presides is the Justice Court of Ventura Judicial District. If those two courts are the same court (identified by different names), plaintiff is clearly eligible regardless of the time to which the words 'existing court' refer.

"A Class B Justice's Court had jurisdiction over cases involving claims up to $300. A justice court has jurisdiction of claims up to $500. The jurisdiction of a justice's court was not exclusive and, in fact, was shared in Ventura Township with the police court. The jurisdiction of the justice court is exclusive within its territorial area. The territorial area of a township was not necessarily the same as the territorial area of a judicial district and, in fact, the boundaries of the Ventura Judicial District are larger than the boundaries of

Ventura Township. (There were nine townships in Ventura County, whereas there are only five judicial districts.) The presiding officer of a justice's court was a justice of the peace. The presiding officer of a justice court is a judge. There were no qualifications for a justice of the peace. A judge of a justice court must either be a lawyer or have passed an examination prescribed by the Judicial Council. The term of a justice of the peace was four years. The term of a judge of the justice court is six years. It appears, therefore, that the two courts are different and are not the same.

"This conclusion is fortified by language used in the pertinent laws. Article 6, section 11 of the Constitution refers to the fact that 'existing courts [in a judicial district] shall continue to function' until the new justice court is established at which time all records of such superseded courts shall be transferred to [the] . . . justice court.' Government Code, section 71080, provided that where two persons were eligible to be judge of the new justice court (as were Justice of the Peace Glenn Corey and Judge B. L. Gregg in the Ventura Judicial District), 'such incumbents shall not automatically succeed to judicial positions [on January 1, 1952] in the . . . justice court, and the existing courts shall continue to function within the district until the first judge . . . of such . . . justice court [is] elected [for the term beginning January 5, 1953].' Similarly, chapter 14, Statutes of 1952, First Extraordinary Session, referred to the fact that:

" 'Certain Class B justices' courts will *remain in existence* until January 5, 1953, under the inferior court reorganization program, after which time there will be no courts in the State inferior to the superior courts except municipal and justice courts.' (Emphasis added.)

"Thus it is plain that the Justice's Court of Ventura Township is not the same as the Justice Court of Ventura Judicial District.

"Which, then, is the 'existing court' referred to in the eligibility clause of the Constitution? If it is the Justice Court of Ventura Judicial District, plaintiff is ineligible because plaintiff has not 'served in that capacity [that is, judge] by election or appointment for five consecutive years immediately preceding [November 7, 1950].' This is so because that court did not exist *before* January 5, 1953. If it is the Justice's Court of Ventura Township, plaintiff is ineligible because that court will not be 'superseded upon the establishment of said municipal court.' This is so because that court

did not exist *after* January 5, 1953 and cannot be superseded in 1956. That court was superseded on January 5, 1953, and plaintiff holds his present position pursuant to section 71601 of the Government Code which made him eligible to be judge of the justice court solely because he was 'the incumbent of a superseded inferior court.' In either event, plaintiff is ineligible. (Had a municipal court been established between November 7, 1950 and January 5, 1953, plaintiff would have been eligible to be judge.)

''The conclusion that plaintiff is ineligible has been reached by the attorney general (21 Ops. Cal. Atty. Gen. 152) and by defendant county auditor. ▮▮ Where the attorney general has interpreted a law in a written opinion and that position has been adopted by an administrative agency, the 'administrative application of an act is entitled to respect by the courts, and unless clearly erroneous is a significant factor to be considered in ascertaining the meaning of a statute.' *Mudd* v. *McColgan* (1947), 30 Cal.2d 463 [183 P.2d 10].

''Proposition 19 on the ballot in 1954 was this:

'' 'Proposed Amendment to Article VI

'' 'Sec. 23. No person shall be eligible to the office of a justice of the Supreme Court, or of a district court of appeal, or of a judge of a superior court, or of a municipal court, unless he shall have been admitted to practice before the Supreme Court of the State for a period of at least five years immediately preceding his election or appointment to such office; provided, however, that any elected judge or justice of an existing court who has served in that capacity by election or appointment *as such judge or justice of a court superseded by a justice or municipal court* for five consecutive years immediately preceding the effective date of this amendment *November 7, 1950, and has served continuously as a judge of such superseding court after said date until the establishment of a municipal court,* shall be eligible to become the judge of a municipal court by which *supersedes* the existing court *of which he is judge* is superseded upon the establishment of said municipal court or at the first election of judges thereto and for any consecutive terms thereafter for which he may be re-elected. The requirement of consecutive years of judicial service shall be deemed to have been met even though interrupted by service in the armed forces of the United States during the period of war.'

"In the pamphlet sent to all voters, the following argument was made in favor of the proposition:

" 'The voters of California at the 1950 general election adopted a constitutional amendment providing for the reorganization of the inferior courts of this State and reducing the number of such courts to two classes known as municipal courts and justice courts. The Constitution then required admission to practice law before the Supreme Court for at least five years before a person is eligible to be a municipal court judge. The 1950 amendment made any elective judge or justice of an existing court superseded by a municipal court eligible to become judge if he had served in his present capacity for five consecutive years immediately preceding the effective date of the amendment. It was the intent and spirit of the amendment that experienced incumbent Justices of the Peace would be permitted to continue in office, even though their courts were changed to municipal courts without requiring that they be lawyers.

" 'The Attorney General of California last year gave an opinion that the present Justices who are not attorneys would not be eligible to become the judges of municipal courts when such a court succeeds their justice courts.

" 'Following the opinion of the Attorney General, both houses of the Legislature unanimously voted to submit the present amendment to the Constitution, for the reason that it was the consensus of the Legislature that incumbent Justices who qualify as to consecutive years of service should not be ineligible to continue as municipal court judges because they are not attorneys.

" 'By adopting the present amendment, the people will remove any doubt as to the status of incumbent Justices who are not attorneys and they will be eligible to become municipal judges upon the conversion of their courts if they were eligible to do so in 1950.

" 'There should be nothing in the administration of justice in municipal courts which requires men who have had long experience as judges to be attorneys. The Justices of the Peace have always been close to the people and responsive to their needs in matters over which they have jurisdiction, and it is felt that when a Justice has been in office for many years, he has met with approval at the hands of the people, even though he is not an attorney.

" 'This amendment merits the approval of the people for the reasons herein set forth, in order to protect incumbent

Justices as to their eligibility for office, even though they are not attorneys.

" 'J. B. COOKE,

State Assemblyman, 37th Dist.'

"Had it been passed, it would have been presumed to have been passed with full knowledge of the attorney general's opinion (*Coca-Cola Co.* v. *State Board of Equalization* [1945], 25 Cal.2d 918 [156 P.2d 1]) and it would have been presumed to have changed the law, rather than to have 'clarified' it. (*Loew's, Inc.* v. *Byram* (1938), 11 Cal.2d 746 [82 P.2d 1]. Having failed of passage, there is a presumption that the provision means what the attorney general said it means. The interpretation by the attorney general is the same as this court has reached independently.

"Plaintiff's only possible hope is that the court will, as he urges it to do, 'attach separate meanings to the two uses of the term "existing court." ' In other words, plaintiff says that 'existing court' means the Justice's Court of Ventura Township in the first part of the sentence and means the Justice Court of Ventura Judicial District in the second part of the sentence. ▮ This construction is not reasonable because a word or clause in a statute is presumed to have the same meaning throughout. *Pitte* v. *Shipley* (1873), 46 Cal. 154; *Hoag* v. *Howard* (1880), 55 Cal. 564. ▮ Even if reasonable, that construction would be extremely broad and exceptions are to be narrowly, not broadly, construed. *City of National City* v. *Fritz* (1949), 33 Cal.2d 635 [204 P.2d 7].

▮ "Plaintiff, as an elective officer, must be retired 'at the end of the first term to which he is elected and which commences on a date following his 70th birthday.' (Gov. Code, § 31671.) His term of office will end, by operation of law, when a Municipal Court is established. 'In each district containing a population of more than 40,000 inhabitants . . . there shall be a municipal court.' Constitution, article VI, section 11. 'Whenever a municipal court is established in a district in which a justice court was previously established . . . , the justice court shall cease to exist . . .' Government Code, section 71084. A 'vacancy in the office of judge of a municipal court shall be filled by appointment by the Governor . . .' Government Code, section 71180. (If plaintiff were eligible, he would automatically become judge of the municipal court. If two or more incumbent judges were eligible to one position of judge of the municipal court, the court would not begin to function until January, 1959, fol-

lowing the election of a judge in 1958. Gov. Code, section 71080, 71081. Neither of these situations exists in this case.) Since the necessary legislation exists for a municipal court in the Ventura Judicial District (Gov. Code, §§ 74880-74887), the court will come into existence when it is found, pursuant to section 71043, subdivision (c), of the Government Code, that there are 40,000 inhabitants of the district. At that moment plaintiff will be compulsorily retired and will be entitled to retirement benefits under the County Employees Retirement Law of 1937.''

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 3, 1957.