[Civ. No. 21167.   First Dist., Div. Three.   Sept. 30, 1963.]

FRANK BROWN, Plaintiff and Appellant, v. BESS E. MEREDITH et al., Defendants and Respondents.

Emmett C. Wilson for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

SALSMAN, J.—Appellant brought this suit against respondents for the partition of personal property, and appeals from the trial court's judgment denying him any relief. Since the dispute here is between appellant and Bess E. Meredith, we shall refer to the latter as respondent, and make specific reference to respondent Jill Shipstad by name where necessary.

Throughout appellant's brief there is a continuing challenge to the sufficiency of the evidence to support the findings and judgment, and it becomes necessary therefore to state briefly the facts which appear in the record.

Appellant and respondent were married in December 1954. They were divorced in 1958. In June 1955 the parties purchased a cabin located on government land, and at the same time obtained a use permit for the land upon which the cabin was located. The cabin is the subject of appellant's action for partition. During marriage appellant and respondent maintained a common bank account. Respondent had separate income which amounted to $400 per month which she deposited in the common bank account. Appellant had community income from wages of $80 per week, most of which was also deposited in the bank account. When the cabin was

purchased, respondent drew a check on the bank account for $500, and made the down payment. Later, respondent sold $6,000 of her separate securities and with the proceeds paid the full balance due on the purchase price. Title was taken in the names of appellant and Jill Shipstad. At trial there was testimony that appellant had purchased a car on which payments of $49 per month were due. These payments were made from the bank account. Living expenses of the parties were also paid in part from community funds, but when extra money was needed it came from the separate income of respondent. Although title to the cabin was taken in the names of appellant and Jill Shipstad, respondent testified that she did not intend to make a gift to appellant.

Appellant contends that community income and respondent's separate income were commingled in the common bank account and hence the entire amount became community property. Appellant further reasons that since the down payment on the cabin was made from the bank account, the cabin too is community property. This contention is not valid when considered in light of the entire record. ▪ It is the rule that when separate and community funds are commingled the property remains unchanged in character as long as it can definitely be traced and ascertained. (*Thomasset* v. *Thomasset*, 122 Cal.App.2d 116 [264 P.2d 626]; *Estate of McGee*, 168 Cal. App.2d 670, 677 [336 P.2d 622].) Here, $6,000 of the total purchase price of the cabin came directly from the sale of separate stocks owned by respondent. ▪ It is true that the $500 down payment came from the bank account, but that fact is of no real significance here, because appellant himself traced exactly the amount of community funds that went into the bank account, namely $1,610. All other funds deposited in the account came from respondent's separate property. Thus there was no inseparable commingling of separate and community funds. ▪ It is presumed that the normal and ordinary living expenses of appellant and respondent were paid from the community income. (*Huber* v. *Huber*, 27 Cal.2d 784, 792 [167 P.2d 708]; *Thomasset* v. *Thomasset, supra,* at p. 126.) ▪ As we have previously noted, the only community income was $80 per week wages of appellant, of which $70 was deposited in the bank account. From these funds $49 per month was paid on a car for appellant, and the balance was available for family living expenses. From these facts the trial court could infer that all of the community funds were expended for appellant's car and

family living expenses and that all other expenditures came from respondent's separate property. Thus the court could properly find, as it did, that the $500 down payment on the cabin, although taken from the common bank account, actually was made from the separate funds of the respondent.

■ There was evidence that at time of separation respondent said to appellant that he could have the cabin in return for a "nice quiet divorce." Publicity attended the divorce, however. Appellant now contends that he was not responsible for the publicity and that respondent made an oral gift of the cabin to him. The trial court found that no gift had been made, and this finding is fully supported by the evidence. At most, the evidence suggests only an intention on the part of respondent to make a gift to appellant. Intent, however, is only one element necessary to a valid gift. Intent must be followed by some actual or symbolic delivery to the donee, and the donee must signify acceptance of the gift, except where acceptance of the gift may be presumed. (Civ. Code, § 1147; *Hynes* v. *White,* 47 Cal.App. 549 [190 P. 836]; 1 Witkin, Summary of Cal. Law p. 807.) Here respondent admits an intention to make a gift, but there is no evidence whatever of any delivery, actual or symbolic, and hence appellant's claim based upon a theory of a gift is without merit.

■ Appellant next complains that the trial court should have awarded him some interest in the cabin even though it disallowed his claim based on theories of community property and gift. This contention is based on appellant's testimony that he paid some $800 for taxes, permit fees and public utility assessments and improvements. Although there is evidence in the record to show that appellant did expend money in payment of taxes and certain improvements on the cabin and cabin site, it does not appear that appellant asked the trial court for the relief he now asserts he should have been given. Since this point was not raised at trial it may not properly be advanced on appeal. (3 Cal.Jur.2d 604.) Moreover, even if it be considered that the question was raised in the trial court, because of the evidence in the record and the prayer for general relief contained in the complaint, it would not follow that appellant is entitled to a judgment for such expenditures. ■ The trial court found on substantial evidence that the cabin was the separate property of respondent. Appellant's expenditures in connection with the cabin

came from community funds, and were made voluntarily in the improvement of respondent's separate property. It is presumed, therefore, in the absence of an agreement to the contrary, that a gift was intended and in fact made by appellant, and hence no right to reimbursement exists. (*Dunn* v. *Mullan*, 211 Cal. 583 [296 P. 604, 77 A.L.R. 1015]; *Estate of Bernatas*, 162 Cal.App.2d 693 [328 P.2d 539]; 9 Hastings L.J. 36, 39; 4 Witkin, Summary of Cal. Law, p. 2729.)

The judgment is affirmed.

Draper, P. J., and Devine, J., concurred.