Filed 9/13/13  Berkes v. San Diego Foreclosure Services, Inc. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JASON E. BERKES et al., | D050488 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. GIN037150) |
| SAN DIEGO FORECLOSURE SERVICES, INC. et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County, Joel M. Pressman, Judge.  Reversed as moot and remanded with directions.

Law Office of Bryan Pease and Bryan William Pease for Plaintiffs and Appellants.

McCarthy & Holthus, Terry Loftus for Defendant and Respondent San Diego Foreclosure, Services, Inc.

Plaintiffs and appellants Jason E. Berkes, Wendy L. Berkes, Jason E. Berkes, Trustee of the Jason E. Berkes and Wendy Lee Berkes 2002 Family Trust and SeaSilver

USA, Inc. appeal from a judgment entered in favor of defendant San Diego Foreclosure Services, Inc. (SDFS) after the court sustained without leave to amend a demurrer to plaintiffs' third amended complaint seeking, inter alia, quiet title to certain residential property. Because the matter has become moot, we will reverse the judgment as to SDFS and direct the trial court to dismiss the underlying action against it. (*Paul v. Milk Depots, Inc.* (1964) 62 Cal.2d 129, 134.)

## FACTUAL AND PROCEDURAL BACKGROUND

The basic underlying facts and procedure in this matter are set forth in our prior unpublished opinion on plaintiffs' consolidated appeals (*Berkes v. San Diego Foreclosure Services, Inc.* et al. (Oct. 3, 2006, D046224, D047346) [nonpub. opn.]), and we need not repeat them here other than to say that in January 2005, the trial court entered a judgment in favor of SDFS on plaintiffs' third amended complaint for quiet title and other relief, from which plaintiffs' appealed.

In May 2006 and March 2007, this court issued orders staying the appeal of all proceedings against SDFS under the automatic stay of section 362 of the Bankruptcy Code (11 U.S.C. § 362). After counsel advised us that the bankruptcy case had closed, we vacated those stay orders in June 2012.

Thereafter, counsel of record for SDFS[1] notified this court that (1) the bankruptcy

---

[1] Attorney Terry Loftus advised us he "has no client" in connection with this matter, but neither he nor counsel for plaintiffs have filed a substitution or motion to withdraw as counsel. (Cal. Rules of Court, rule 8.36(b) & (c).) Consequently, they remain counsel of record for the parties in this appeal.

2

proceeding had been converted to a chapter 7 bankruptcy and had closed on April 3, 2012; (2) SDFS, a corporation, did not emerge from bankruptcy upon completion of the case; (3) corporations in this position are *de jure* dissolved and cease to function; (4) SDFS's sole officer and director, Sally Clark, died just prior to the filing of the involuntary chapter 11; and (5) there is no person or entity able to respond to the current appeal on behalf of SDFS.

We directed the parties' counsel of record to inform us why the appeal was not moot in light of the above-referenced matters, and why the appeal should otherwise go forward. Plaintiffs' counsel did not respond; counsel for SDFS advised us that the appeal was "prudentially moot."

## DISCUSSION

" ' "[T]he duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." ' [Citation.] . . . 'It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal.' " (*Eye Dog Foundation v. State Bd. of Guide Dogs for Blind* (1967) 67 Cal.2d 536, 541; see *In re Esperanza C.* (2008) 165 Cal.App.4th 1042, 1054; *La Jolla Cove Motel and Hotel Apartments, Inc. v. Superior Court* (2004) 121 Cal.App.4th 773, 781.) "The policy

3

behind a mootness dismissal is that 'courts decide justiciable controversies and will normally not render advisory opinions.' " (*Giraldo v. Department of Corrections & Rehabilitation* (2008) 168 Cal.App.4th 231, 257.)

There are three discretionary exceptions that would permit us to nevertheless consider this appeal: when issues are likely to recur, when the issues are of broad public interest, or when a material question remains for the court's determination. (See *Catholic Mut. Relief Soc. v. Superior Court* (2007) 42 Cal.4th 358, 365, fn. 5; *Environmental Charter High School v. Centinela Valley Union High School District* (2004) 122 Cal.App.4th 139, 144.) None of these exceptions apply here.

Under the circumstances, the appeal as to SDFS is moot. (See, e.g., *Paul v. Milk Depots, Inc.*, *supra*, 62 Cal.2d at pp. 132-133 [proceeding to enforce marketing regulation rendered moot by defendant's bankruptcy and cessation of business].) There is no longer any actual controversy upon which a judgment could operate nor effectual relief that could be granted to any party. (*Id.* at p. 132.) The proper disposition, to avoid impliedly affirming a judgment that we have not reviewed on the merits, is to reverse it with directions to the trial court to dismiss the case as moot. (*Id.* at pp. 134-135, see *Coalition for a Sustainable Future in Yucaipa v. City of Yucaipa* (2011) 198 Cal.App.4th 939 [extensively discussing *Paul* and the reason for such disposition]; *Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1585-1586; *Giles v. Horn* (2002) 100 Cal.App.4th 206, 229 [when an appeal is disposed of on the ground of mootness without reaching the merits, in order to avoid ambiguity, the preferable procedure is to reverse with directions to the trial court to dismiss the action]; *County of*

*San Diego v. Brown* (1993) 19 Cal.App.4th 1054, 1090.)  "Reversal with directions to the trial court to dismiss is the equivalent of dismissal of the appeal, but avoids the ambiguity of the latter procedure which does not dispose of a subsisting trial court judgment in a case wherein the issues are moot."  (*Bell v. Board of Supervisors* (1976) 55 Cal.App.3d 629, 637.)  This type of reversal "does not imply approval of a contrary judgment . . . [it] is merely a procedural step necessary to a proper disposition of this case."  (*Paul*, 62 Cal.2d at p. 135.)  We express no opinion on the merits of the appeal.

## DISPOSITION

The judgment as to San Diego Foreclosure Services, Inc. is reversed solely for the purpose of returning jurisdiction to the superior court.  The matter is remanded with directions to the superior court to dismiss the underlying action against San Diego Foreclosure Services, Inc.  The parties shall bear their own costs on appeal.


O'ROURKE, J.

WE CONCUR:


McCONNELL, P. J.


HUFFMAN, J.

5