| 20 | 503 |
| 87 | 478 |

THE PEOPLE *ex rel.* WETHERBEE *v.* CAZNEAU.

A PERSON appointed by the Governor to fill a vacancy in the office of Superintendent of Immigration for the Port of San Francisco, is entitled to hold the office until a new appointment to fill the office is made by the Governor and confirmed by the Senate.

The appointment to fill a vacancy in an office of this character is complete, so far as the Governor is concerned, upon the delivery of the commission, and requires no confirmation by the Senate.   The Governor cannot, after the commission for the vacancy is issued, revoke the appointment, or by any act affect the right of the appointee to the office for the period prescribed by the statute; that is, until the Governor and Senate proceed and fill the office.

The duration of the term of an appointee commissioned to fill a vacancy in the office of Superintendent of Immigration, is controlled by the provisions of the forty-first section of the act concerning officers, passed April 28th, 1851.

The eighth section of article five of the Constitution by its terms only applies to those cases of vacancies for filling which no other mode is provided "by the Constitution and laws," and has no application to vacancies the mode of filling which is provided by the law of 1851.

APPEAL from the Fourth Judicial District.

Action in the nature of a *quo warranto* to try the right of the defendant, Thomas N. Cazneau, to the office of Superintendent of Immigration for the Port of San Francisco.

The facts as found by the Court below are substantially as follows: On the seventh day of February, 1861, Walter M. Harvey was appointed by the Governor to the office of Superintendent of Immigration for the Port of San Francisco, which appointment was on same day confirmed by the Senate, and said Harvey was commissioned to hold said office for two years, and immediately entered upon the discharge of its duties and continued to discharge them until his death, which occurred on the eighteenth day of August, 1861. On the nineteenth of August, 1861, Thomas N. Cazneau, the respondent, was appointed by the Governor and duly commissioned to fill the vacancy occasioned by the death of Harvey, and on the same day qualified by taking the oath of office and giving the bond as required by law, and immediately entered upon the discharge of the duties of the office.

On the eighth day of January, 1862, the then Governor of the State of California sent to the Senate a communication on the subject of the appointment of the respondent, of which the following is a copy:

" STATE OF CALIFORNIA, EXECUTIVE DEPARTMENT,
" SACRAMENTO, January 8th, 1852.

" *To the Honorable the Senate of California:*

" I have to inform your Honorable Body, that on the nineteenth day of August, 1861, I appointed and commissioned Thomas N. Cazneau, Superintendent of Immigration for the Port of San Francisco, in the place of Walter M. Harvey, deceased, and respectfully ask his confirmation.

" JOHN G. DOWNEY, Governor."

This message was, by order of the Senate, made the special order of the day—first for January 14th, 1862, and afterwards for January 21st, 1862. On the last named day, the hour for the special order for considering the message having arrived, the Senate went

into executive session, and on motion the following message of Governor Stanford, relating to the same subject, was taken up:

" STATE OF CALIFORNIA, EXECUTIVE DEPARTMENT,
" SACRAMENTO, January 21st, 1862.

" *To the Honorable the Senate of the State of California :*

" The appointment of Thomas N. Cazneau as Superintendent of Immigration, whose name has been submitted to the Senate for confirmation, is hereby withdrawn.

" LELAND STANFORD, Governor."

The President *pro tem.* decided that the latter message took the whole subject matter from the power of the Senate, from which decision an appeal was taken, and the question being—Shall the decision of the Chair stand as the judgment of the Senate, the roll was called with the following result: ayes sixteen, noes twenty-one.

The message of Governor Downey was then considered. The question being—Will the Senate advise and consent to the appointment of Thomas N. Cazneau as Superintendent of Immigration for the port of San Francisco ? the roll was called with the following result: ayes twenty-three, noes thirteen ; and so the appointment was confirmed.

On the fourteenth day of May, 1862, the Legislature adjourned *sine die.*

On the twenty-ninth day of May, 1862, the Governor, Leland Stanford, appointed Seth H. Wetherbee, the relator, as Superintendent of Immigration for the port of San Francisco, and on the same day issued to him a commission for the office, providing that said Wetherbee should hold the office until the end of the next session of the Legislature. This commission was received by Wetherbee on the second day of June, 1862, and on the same day he qualified by taking and subscribing the oath, and executing the bond required by law. Before the commencement of this action the relator demanded of respondent the books and papers pertaining to the office, and also that he should cease to discharge its duties, with which demands the respondent refused to comply, but continued to exercise the duties of the office.

33

Wetherbee v. Cazneau.

The following is a copy of the forty-first section of the Act concerning officers, passed April 28th, 1851. "Vacancies that may happen in offices, the appointment of which is vested in the Governor and Senate, or in the Legislature, shall be filled by the Governor during the recess of the Legislature, by granting commissions that shall expire whenever the Governor and Senate or the Legislature shall appoint a person or persons to fill said offices."

The respondent had judgment in the Court below, and the relator appeals.

*A. M. Crane*, for Appellant.

*J. W. Coffroth*, and *Hall McAllister*, for Respondent.

FIELD, C. J., delivered the opinion of the Court—COPE, J. concurring.

In February, 1861, Harvey was appointed Superintendent of Immigration for the port of San Francisco, for the period of two years. In August, 1861, Harvey died, and the respondent, Cazneau, was appointed and commissioned by Governor Downey to fill the vacancy in the office thus occasioned. Cazneau immediately qualified, and entered upon the duties of the office. On the eighth of January, 1862, Governor Downey sent a message to the Senate, informing that body of the appointment, and requesting its confirmation. The Senate postponed the consideration of this message until the twenty-first of the month. On that day, Governor Stanford, the successor of Governor Downey, sent a message to the Senate, withdrawing "the appointment." The Senate, however, proceeded and confirmed it. On the fourteenth of May the Legislature adjourned *sine die*, and on the twenty-ninth of the same month Governor Stanford appointed Wetherbee, the relator, Superintendent of Immigration, and issued a commission to him. On the second of June, Wetherbee qualified, by taking the prescribed oath, and executing the required bond, and demanded of the respondent possession of the office and its books and papers, which was refused. The present proceeding is to try the right of the parties to the office.

The appointment of a Superintendent of Immigration for the port of San Francisco for a full term is vested by the statute in the Governor and Senate; that is—it is to be made by the Governor, by and with the advice and consent of the Senate. (Laws of 1860, chap. 57, sec. 1.) Vacancies in offices, where the original power of appointment is thus vested, are to be filled by the Governor during the recess of the Legislature, by granting commissions which shall expire whenever the Governor and Senate shall make appointments to fill the offices. (Act concerning Offices of April 28th, 1851, sec. 41.) The appointment of Cazneau, being for a vacancy, was complete, so far as the Governor was concerned, upon the delivery of the commission. The Governor could not afterwards revoke the appointment, or by any act affect the right of the appointee to the office for the period prescribed by the statute —that is, until the original appointing power—the Governor and Senate—should act and fill the office. The temporary appointment required no confirmation of the Senate. That body could neither add to nor take from its validity by any confirmation or rejection. That body had nothing to do with it. The request, therefore, made by Governor Downey of the Senate to confirm the appointment, and the attempt of Governor Stanford to withdraw the appointment, were both proceedings which could in no respect affect the rights of the appointee.

No attempt was made to fill the office during the session of the Senate. The Governor, who in such matters must take the initiative, never made any nomination to the Senate for the office. The Governor having thus failed to act during the session of the Senate, could not fill the office by appointment after its adjournment. Without the advice and consent of the Senate, he could not fill the office; without such advice and consent he could only fill a vacancy in the office, and the vacancy in the office in question was already filled by the appointment of the respondent. His commission did not expire upon the adjournment of the Legislature by force of the eighth section of article five of the Constitution. That section only declares that " when any office shall, from any cause, become vacant, and *no mode is provided by the Constitution and laws for filling such vacancy*, the Governor shall have power to fill such

Wetherbee v. Cazneau.

vacancy, by granting a commission, which shall expire at the end of the next session of the Legislature, or at the next election by the people." This section, by its very terms, only applies to those cases of vacancies for filling which no other mode is provided " by the Constitution and laws." By the act concerning offices of 1851, another mode is provided for filling the vacancy in an office like that of Superintendent of Immigration, and the duration of the appointment is prescribed. The commission for the vacancy shall expire, says the statute, whenever the Governor and Senate shall appoint a person to fill the office. (Sec. 41.) It was entirely competent for the Legislature to thus fix the duration of the commission. The office was created by law, and the mode in which the office and vacancies therein should be filled was matter purely of legislative discretion. The power of the Governor, under the clause of the Constitution, did not therefore arise in the present case.

Our conclusion is that the respondent, by virtue of his appointment from Governor Downey, is entitled to the office until the Governor and Senate proceed to fill it. (See Story on the Constitution, Secs. 1558 and 1559; *United States* v. *Kirkpatrick*, 9 *Wheat.*, 720; Opinions of the Attorney General, 2 vol., 336, 4 vol., 31 and 362.)

Judgment affirmed.

NORTON, J. delivered the following concurrent opinion:

I do not think it necessary to decide whether the act of Governor Downey in informing the Senate of his appointment of Cazneau as Superintendent of Immigrants, and asking for his confirmation was nugatory; or whether it may not be considered as a nomination to the office; nor whether, if it be considered as a nomination, his successor in office, Governor Stanford, had the right to withdraw such nomination before it had been acted upon by the Senate. If it was a sufficient nomination, and if that nomination could not be withdrawn by Governor Stanford, then Cazneau holds the office by appointment of the Governor and the Senate. But if it was not a valid nomination, or if it was properly withdrawn before being acted upon by the Senate (it being conceded that no other person has been appointed by the Governor and Senate to fill the office

made vacant by the death of Harvey) then Cazneau still holds the office, by virtue of the commission given to him by Governor Downey during the recess of the Legislature, under the effect of section forty-one of the "Act concerning Offices," passed April 28th, 1851. The particular phraseology of this section was not adverted to on the argument of this case, nor is it alluded to in the briefs filed by the counsel on either side.   The argument has been confined to the provisions of section eight of article five of the Constitution, by which the duration of a commission issued in a case contemplated by that section is limited to the expiration of the next session of the Legislature, or to the next election by the people.   This limitation is not contained in section forty-one of the Act concerning offices, but, by that section, the commission given by the Governor continues in force until the Governor and Senate shall appoint a person to fill the office.   It may be that it was not the purpose of the Legislature, by section forty-one of the Act concerning Offices, to give to such a commission a longer duration than that specified in section eight of article five of the Constitution ; but such longer duration is plainly given by the language, and I do not see that this Act of the Legislature is in contravention of any direct provision of the Constitution, though it is not altogether in harmony with the spirit of the above-mentioned section of that instrument.

I therefore concur in the judgment of affirmance.