[Civ. No. 23601.   Second Dist., Div. Three.   Feb. 5, 1959.]

CHARLES H. WOODMANSEE, Petitioner, v. JOSEPH M. LOWERY, as County Auditor-Controller, etc., Respondent.

[Civ. No. 23602.   Second Dist., Div. Three.   Feb. 5, 1959.]

PHILIP ERBSEN, Petitioner, v. JOSEPH M. LOWERY, as County Auditor-Controller, etc., et al., Respondents.

A. J. Blackman for Petitioner Woodmansee.

Frank B. Belcher for Petitioner Erbsen.

Harold W. Kennedy, County Counsel (Los Angeles), William E. Lamoreaux, Assistant County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondents.

THE COURT.—Each of the petitioners in the above entitled proceedings seeks a writ of mandate directed to the respondent county auditor-controller of the county of Los Angeles directing him to draw and pay the salary warrant of each of said petitioners as judge of the Municipal Court of the Los Angeles Judicial District, each claiming to be the lawful incumbent of the same judicial office in said court.

On and prior to the 28th day of October 1958 the petitioner Woodmansee was the duly qualified, elected and acting judge of the Justice Court of the Malibu Judicial District. On that date there was annexed to the Los Angeles Judicial District a portion of the territory formerly included in the Malibu Judicial District. The area of the Malibu Judicial District

prior to the annexation comprised 106,993.90 acres while the portion thereof annexed to the city of Los Angeles consists of 38.95 acres. On October 29, 1958, a vacancy existed in the office of Judge of the Municipal Court of the Los Angeles Judicial District due to the resignation of Judge Clarke Stephens, and the petitioner Woodmansee, who is admittedly otherwise qualified to hold the office of judge of the municipal court, purporting to act pursuant to the provisions of section 71081 of the Government Code, elected to succeed to the then existing vacancy in said court by filing with the county clerk of Los Angeles County his written statement of election so to do and taking the prescribed oath of office, following which he entered upon the discharge of his duties as judge of said municipal court. On November 28, 1958, Governor Knight issued to the petitioner Erbsen his commission as Judge of the Municipal Court of the Los Angeles Judicial District to the office formerly held by Judge Stephens, following which the petitioner Erbsen took the required oath of office and entered upon his duties as a judge of said municipal court.

While ordinarily mandate is not the appropriate remedy to determine title to public office, where as here two persons are purporting to hold the office, mandamus lies to determine which is the de facto officer; and, while legal title is not adjudicated, the court examines the question of legal title, and the person who has the best claim to legal title is held to be the de facto officer. (*Klose* v. *Superior Court* (1950), 96 Cal.App.2d 913, 921 [217 P.2d 97].)

The question presented is whether the petitioner Woodmansee was automatically entitled to succeed to the vacancy existing in the Municipal Court of the Los Angeles Judicial District occasioned by the resignation of Judge Stephens by virtue of the annexation to said judicial district of a portion of the territory formerly within the Malibu Judicial District. If so, no vacancy existed in the office of judge of the Municipal Court of the Los Angeles Judicial District on November 28, when Governor Knight undertook to appoint the petitioner Erbsen as a judge of said court.

The answer to our problem depends in the main upon the proper interpretation to be accorded to Government Code, section 71083,[1] which since its amendment in 1955 reads as follows:

---

[1] All references hereafter to section numbers unless otherwise indicated are to the Government Code.

"Whenever territory is annexed to a judicial district theretofore having a municipal court, a judge of a court partly or wholly superseded thereby shall, if eligible, succeed to the first vacant judgeship on such municipal court, whether such vacancy then exists or occurs within two years thereafter through the creation of a new judgeship or otherwise.

"Whenever the number of judges entitled to succeed as above provided exceeds the number of vacant judgeships on such municipal court, the order of their succession shall be determined as follows: by seniority as a judge within the territory annexed, and, in the case of successive annexations, within the territory annexed at the earlier date; and, in any remaining case, by lot between them."

While somewhat awkwardly worded, the meaning of the above enactment is fairly apparent and in our view susceptible of only one interpretation. Implicitly, it recognizes, if it does not expressly so declare, that the annexation of territory from a judicial district to another judicial district having a municipal court operates in whole or in part to supersede the court in the judicial district from which the territory is annexed dependent upon whether the whole or only a part of such district is so annexed. A court may be said to be *partly* superseded only in two instances: (1) where a portion of its jurisdiction over particular classes of cases theretofore vested in it is withdrawn and conferred upon another court and (2) where a portion of the territory over which it previously exercised jurisdiction is taken from it and annexed to another judicial district in which there is an existing court having jurisdiction over the matters formerly within its jurisdiction. As the section deals only with the effect of the annexation of territory from one judicial district to another it is clear that when it speaks of a court being "partly superseded thereby" it can only refer to the latter. As applied to the case at hand it is clear that it involves the precise situation with which the Legislature undertook to deal, namely, the annexation of a part of the Malibu Judicial District to the city of Los Angeles which is a judicial district having a municipal court. The section then proceeds to provide in clear and unmistakable terms that in such event the judge of the court of the judicial district from which the territory was annexed "shall, if qualified, succeed to the first vacant judgeship on such municipal court, whether such vacancy then exists or occurs within two years thereafter through the creation of a new judgeship or otherwise."

While petitioner Erbsen concedes that section 71083 is susceptible of this construction, he argues that it is equally susceptible of the meaning "[t]hat the *quantum* of territory annexed must be such as to deprive the remaining territory in the judicial district of a court, and so, in turn, deprive the existing incumbent of such office" and leave him "a courtless Judge." The argument is not convincing. In the first place, in order to deprive an existing judicial district of a court by annexation of territory it is necessary to annex the entire judicial district for if any less than the whole of the judicial district is annexed the court continues to exist in the remaining territory and the only result is that its boundaries are changed so as to exclude the territory annexed.[2] Likewise, an incumbent judge of a judicial district from which territory is annexed may be deprived of his office by reason of the withdrawal of territory from his district by annexation only in the case where the entire territory of the judicial district is annexed to another, for otherwise he remains a judge of the court of the judicial district with boundaries limited to the remaining territory therein. Thus, petitioner Erbsen's argument is, in effect, that section 71083 has application only in those situations where an entire judicial district is annexed to a judicial district having a municipal court. Such construction, however, does violence to the plain meaning of the language used for it gives no effect whatever to the word "partly."

It is a cardinal rule of statutory construction that "[w]henever possible, effect should be given to the statute as a whole, and to its every word and clause, so that no part or provision will be useless or meaningless. All the parts should be construed together and harmonized so far as possible without doing violence to the language or spirit. It will be presumed that every word, phrase, and provision was intended to have some meaning and perform some useful office, and a construction implying that words were used in vain, or that they are surplusage, will be avoided." (45 Cal. Jur.2d, p. 626, § 117.)

If the Legislature had intended, as petitioner Erbsen's argument suggests, that the section should have application

[2] "If territory is annexed to a city or city and county pursuant to law, the boundaries of the judicial district which includes such city or city and county shall be, upon the effective date of the annexation, automatically changed to include the territory so annexed, and the boundaries of any judicial district which includes such annexed territory prior to the effective date of the annexation shall be, on such date, automatically changed to exclude such annexed territory." (Gov. Code, § 71040.1.)

only to those cases where the effect of annexation was to deprive the incumbent judge of a judicial district of his office, it is only reasonable to assume that it would have used appropriate language to this effect.

Webster's International Dictionary defines the word "supersede" variously as: "To take over"; "to take the place of, to supplant." There seems to be no room for argument that when a portion of a judicial district is annexed to another district the court in the latter takes the place of and supplants the court which formerly exercised jurisdiction over the annexed territory prior to the annexation. The fact that the court in the judicial district from which the annexed territory is taken continues to exist does not detract from the fact that it has been effectively superseded or supplanted in such annexed territory by the court of the judicial district to which it is annexed. In other words it has been "partly" superseded by another court.

Furthermore, petitioner Erbsen's argument in this regard is negatived when reference is had to the language of section 71083 prior to its amendment in 1955 at which time it read in part as follows:

"If there is annexed to a district or city in which a municipal court is established and functioning, territory in which another court inferior to the superior court is established, upon the annexation such other court ceases to exist in the territory annexed. *If an additional judicial office has been provided by law for the municipal court by reason of annexation of territory or increase in population, the incumbent judge of the court partly or wholly superseded shall, if qualified, automatically succeed to the additional judicial position in the municipal court until the election or appointment and qualification of his successor.*" (Italics ours.)

The italicized language makes clear that as originally enacted the right of a judge whose court was partly superseded by annexation of territory to an existing municipal court judicial district to automatically succeed to the office of judge of the municipal court did not arise except where "an additional judicial office has been provided by law for the municipal court *by reason of annexation* of territory or increase in population." (Italics ours.) As amended in 1955, this condition to the right to automatic succession was eliminated which suggests that by the amendment the Legislature intended to provide that the right of automatic succession should obtain irrespective of the extent of the territory an-

nexed and that it should not be limited as formerly to a situation where the annexation was so substantial in territorial extent or population as to require the creation of a new judgeship in the municipal court judicial district. Moreover, by the amendment the right of automatic succession was extended "to the first vacant judgeship on such municipal court whether such vacancy then exists or occurs within two years thereafter through the creation of a new judgeship *or otherwise.*" (Italics ours.)

Petitioner Erbsen also contends that to construe the statute as we have is to render it absurd and unreasonable because the extent of the territory annexed represents such a small portion of the territory of the Malibu judicial district. ■ While it is true that where a statute is susceptible to two constructions, one consistent with reason and the other leading to absurd consequences, the former is to be adopted, it is equally true that where the meaning of a statute is clear courts "must follow the language used and give to it its plain meaning, whatever may be thought of the wisdom, expediency, or policy of the act, even if it appears probable that a different object was in the mind of the legislature." (45 Cal.Jur.2d, p. 621, § 108.) ■ Where "the language permits only one construction, the intent of the legislature in enacting a statute is to be gathered from the words and language employed, read as a whole. An intent that finds no expression in the words of the statute cannot be found to exist. The courts may not speculate that the legislature meant something other than what it said. Nor may they rewrite a statute to make it express an intent not expressed therein." (*Id.* p. 636, § 128.) Thus it is not within our province to pass upon the wisdom or expediency of the legislation here concerned as this is a matter reserved to the judgment of the legislative branch of the government. While it was undoubtedly within the competency of the Legislature to provide that the right of a judge whose court had been partly superseded by the annexation of a portion of his judicial district to a municipal court judicial district to succeed to a vacancy in the latter court only under those circumstances where the territory annexed comprised a specified percentage of the total area or of the population of the judicial district from which the annexed portion was taken, it did not do so and we may not under the guise of construction read into the statute something which the Legislature did not insert therein.

Petitioner Erbsen further contends that section 71083, if construed as we have, is violative of article V, section 8, of the California Constitution which reads as follows:

"When any office shall, from any cause, become vacant, and no mode is provided by the Constitution and law for filling such vacancy, the Governor shall have power to fill such vacancy by granting a commission which shall expire at the end of the next session of the Legislature, or at the next election by the people."

We find no merit in this contention. The words "constitution and law" as used in the foregoing provision mean "constitution *or* law." (*People* v. *Nye* (1908), 9 Cal.App. 148, 159 [98 P. 241].) And the section is without application to the filling of a vacancy the mode of filling which is provided by law. (*People* v. *Cazneau* (1862), 20 Cal. 503, 508.)[3]

When the mode of filling a vacancy in an office is provided by law other than by the appointment of the governor the latter is without power to fill such vacancy by appointment. (*People* v. *Stratton* (1865), 28 Cal. 382, 390.)[3]

Article VI, section 11, of our Constitution relating to municipal courts, reads as follows:

"Except as such matters are otherwise provided in this article, the Legislature shall prescribe the manner in which, the time at which, and the terms for which the judges, officers and attaches of municipal courts and of justice courts shall be elected or appointed, the number, qualifications and compensation of the judges, officers and attaches of municipal courts, and provide for the manner in which the number, qualifications and compensation of the judges, officers and attaches of justice courts shall be fixed."

Pursuant to the power vested in it by the foregoing provision the Legislature enacted section 71083 providing for the manner of filling a vacancy in the office of judge of a municipal court under the circumstances therein set forth. Having so provided, the governor was without power under article V, section 8, to appoint to the vacancy. Moreover, inasmuch as section 71083 provides for automatic succession by the judge of a court whose court has been partly superseded by annexation to a municipal court judicial district, and petitioner Woodmansee having declared his election under section

---

[3]While these cases were decided under article V, section 8, of the Constitution of 1849, the language thereof is identical with the language of article V, section 8, as it appears in the present constitution.

70181, no vacancy existed in the municipal court when the governor undertook to appoint the petitioner Erbsen.

In *People* v. *Mizner* (1857), 7 Cal. 519, 523, the court said: "The only provision of the Constitution which seems to bear upon this case, is the eighth section of article fifth, 'When any office shall, from any cause, become vacant, and no mode is provided by the Constitution and laws for filling such vacancy, the Governor shall have power to fill such vacancy by granting a commission, which shall expire at the end of the next session of the Legislature, or at the next election by the people.'

"Before this section can apply to this case, two things must be shown: First, that a vacancy existed. Second, that no mode of filling it was provided."

What has just been said also serves to dispose, at least in part, of petitioner Erbsen's contention that the governor was entitled to appoint by reason of the provisions of section 71180, the pertinent parts of which are set forth in the margin.[4] Aside from the fact that this section by its terms appears to except from its operation the specific situation covered by section 71083, both sections are in any event to be considered together, and if it may be said that there is any conflict between the two, section 71083 being a specific statute dealing with a particular situation must control the general. (45 Cal.Jur.2d, p. 629, §§ 120, 121.)

We, therefore, conclude that the petitioner Woodmansee is the lawful holder of the judicial office in question and that the petitioner Erbsen is without right thereto. The petition of the petitioner Erbsen is, therefore, denied.

Let a peremptory writ of mandate issue as prayed for by the petitioner Woodmansee.

A petition for a rehearing was denied February 25, 1959, and the application of petitioner Philip Erbsen for a hearing by the Supreme Court was denied April 1, 1959.

---

[4] "'Any vacancy in the office of judge of a municipal court shall be filled by appointment by the Governor and any vacancy in the office of judge of a justice court shall be filled by appointment by the board of supervisors of the county in which the justice court is situated, but no vacancy shall be deemed to exist in any such office before the time fixed in Sections 71080, 71082, and 71083 for the selection of the judges of such court and the time fixed by law for their qualification.'" (Gov. Code, § 71180.)