[No. E046603. Fourth Dist., Div. Two. Oct. 27, 2009.]

THERESE STEADMAN, Plaintiff and Respondent, v.
CLYDE B. OSBORNE, SR., Defendant and Appellant.

952

---

---

## COUNSEL

Law Offices of Trent Thompson & Associates and Linda J. DeVore for Defendant and Appellant.

Bell, McAndrews & Hiltachk, Paul T. Gough, Brian Hildreth; and Joseph Michael Wojcik for Plaintiff and Respondent.

OPINION

**HOLLENHORST, Acting P. J.—**

## I. INTRODUCTION

Defendant and Appellant Clyde B. Osborne, Sr.,[1] appeals from the trial court's denial of his motion to strike the ninth cause of action in the complaint filed by plaintiff and respondent Therese Steadman. Although Osborne raises a variety of contentions, we find one dispositive, and we therefore need not address the rest. We conclude Steadman does not have the right to prosecute her ninth cause of action as a private attorney general, and we will reverse.

## II. FACTS AND PROCEDURAL BACKGROUND

Valley Health Systems (VHS) is a local health care district in Riverside County that operates several hospitals. After the defeat of a bond measure in September 2006, VHS began exploring the sale of its assets, including its hospitals, to a private entity. In June 2007, VHS's board of directors recommended such a sale, and in August 2007, VHS's board of directors approved the proposed sale. However, the proposed sale of VHS assets required approval by the voters of the hospital district. (Health & Saf. Code, § 32121, subd. (p).) The proposed sale of VHS assets was submitted to the voters as Measure G in the November 2007 election.

Defendants Charles Bolton and Osborne formed defendant Hospital Defense League Political Action Committee (HDL) in July 2007, as a " 'committee' " within the meaning of Government Code[2] section 82013, subdivision (a), with the specific purpose of opposing Measure G. Bolton was the treasurer, and Osborne was the assistant treasurer of HDL. HDL, Osborne, and Bolton are sometimes referred to collectively herein as defendants.

Among other actions, HDL filed a complaint as a joint plaintiff with several individuals against VHS and several individuals, alleging violations of Health and Safety Code section 32121 et seq. and Government Code section 54950 et seq., breach of fiduciary duty, and declaratory relief. Measure G was ultimately defeated in the election.

In January 2008, Steadman filed a complaint and demand for investigation of HDL with the Fair Political Practices Commission (FPPC) under sections

---

[1] Appellant's last name is spelled "Osborne" as well as "Osborn" throughout the record.

[2] All further statutory references are to the Government Code unless otherwise indicated.

91007, subdivision (a), 91003, and 83115. Steadman's complaint to the FPPC alleged numerous violations of the Political Reform Act of 1974 (PRA) (§ 81000 et seq.), including that HDL had violated reporting laws with respect to receipts and expenditures, had concealed anonymous cash contributions, had failed to file contribution reports, and had spent campaign funds on matters outside its primary purpose. In February 2008, the FPPC responded to Steadman's complaint by authorizing her "to proceed with a civil action in accordance with Section 91007[, subdivision] (a)(2)." In March 2008, Steadman filed an addendum to her complaint with the FPPC, alleging additional violations of the PRA, and the FPPC authorized her to proceed with a civil action as to those additional allegations.

On March 21, 2008, Steadman filed a verified complaint against defendants, requesting injunction and civil penalties under the PRA. The ninth cause of action in Steadman's complaint was captioned "Misuse of Campaign Funds" and alleged that HDL violated sections 89512.5, 89513, subdivision (b), and 89514, by raising funds to oppose Measure G but instead had spent those funds to help finance a lawsuit against VHS that was unrelated to the Measure G election. In her ninth cause of action, Steadman sought statutory penalties against defendants under sections 91005.5 and 91006.

Defendants filed a motion to strike the ninth cause of action under Code of Civil Procedure section 425.16. Following briefing and a hearing, the trial court denied the motion. Only Osborne filed a notice of appeal.

## III. DISCUSSION

Osborne requested this court to take judicial notice of certain documents, and we reserved ruling on his request for consideration with this appeal. Because we conclude that Steadman lacked standing to raise the claims she alleged in her ninth cause of action, the documents Osborne has asked us to judicially notice are irrelevant. We therefore deny the request.

In her ninth cause of action, Steadman alleged violations of sections 89512.5, 89513, and 89514. Osborne contends the PRA does not authorize a private enforcement action for such violations.

■ Osborne did not raise this argument in the trial court; however, he urges us to address the issue on appeal because it presents a pure question of law on undisputed facts. (*Sea & Sage Audubon Society, Inc. v. Planning Com.* (1983) 34 Cal.3d 412, 417 [194 Cal.Rptr. 357, 668 P.2d 664].) Steadman argues unpersuasively that we should apply the general rule that issues not raised in the trial court may not be raised for the first time on appeal. It is well settled that a party may raise the issue of standing for the first time on

appeal. (See *Payne v. Anaheim Memorial Medical Center, Inc.* (2005) 130 Cal.App.4th 729, 745 [30 Cal.Rptr.3d 230] ["the issue of standing is so fundamental that it need not even be raised below—let alone decided—as a prerequisite to our consideration"]; *McKeon v. Hastings College* (1986) 185 Cal.App.3d 877, 890 [230 Cal.Rptr. 176].) We will therefore address the issue on the merits.

■ The enforcement provisions of the PRA are set forth in title 9, chapter 11 of the Government Code, commencing with section 91000. Several different statutory provisions relate to civil enforcement, but not all provide for private enforcement actions to recover civil penalties. (See *Major v. Silna* (2005) 134 Cal.App.4th 1485, 1502 [36 Cal.Rptr.3d 875].) Three sections, however, explicitly authorize private citizens as well as public prosecutors to bring actions to recover civil penalties based on specified misconduct. First, section 91004 authorizes "a person residing within the jurisdiction" to bring a civil action against "[a]ny person who intentionally or negligently violates any of the reporting requirements . . . ." (§ 91004.) Second, section 91005, subdivision (a) authorizes "a person residing within the jurisdiction" to bring a civil action against "[a]ny person who makes or receives a contribution, gift, or expenditure" that violates sections 84300, 84304, 86203, or 86204. Finally, section 91005, subdivision (b) authorizes "a person residing within the jurisdiction" to bring a civil action against certain employees and public officials "who realize[] an economic benefit as a result of a violation of [s]ection 87100 or of a disqualification provision of a conflict of interest code . . . ." Thus, sections 91004 and 91005 allow private enforcement actions to recover civil penalties for specific violations of the PRA with respect to reporting requirements, unlawful contributions, gifts, and expenditures, and conflicts of interest. (§§ 91004, 91005.)

■ Section 91005.5 is a catchall provision that provides for enforcement of the violation of "any provision of this title, except [s]ections 84305, 84307, and 89001, for which no specific civil penalty is provided . . . ." Section 91005.5 provides for a civil action to be brought by the FPPC, a district attorney, or an elected city attorney to recover penalties of up to $5,000 per violation. Unlike sections 91004 and 91005, section 91005.5 does not include "a person residing with the jurisdiction" among those authorized to bring a civil action.

■ Other statutory provisions indicate that the Legislature did not intend to provide a private enforcement action in section 91005.5. Section 91007, subdivision (a), provides that persons bringing civil actions under sections 91004 and 91005 must first file a written request with the civil prosecutor. Section 91009 provides that when a judgment is entered against the defendant in an action brought under section 91004 or 91005, "the plaintiff shall receive

fifty percent of the amount recovered. The remaining fifty percent shall be deposited in the General Fund of the state. In an action brought by the civil prosecutor, the entire amount recovered shall be paid to the general fund or treasury of the jurisdiction." Reading all these statutory provisions together inexorably leads us to conclude the Legislature did not intend to create a private civil enforcement action in the catchall statute, section 91005.5.

■ Section 81002 sets forth the general purposes of the PRA, which include providing "[a]dequate enforcement mechanisms" to "public officials and private citizens in order that this title will be vigorously enforced." (§ 81002, subd. (f).) The PRA itself states that its provisions are to be "liberally construed to accomplish its purposes." (§ 81003.) However, even liberal construction does not allow us to read into a statute "something which the Legislature did not insert therein." (*Woodmansee v. Lowery* (1959) 167 Cal.App.2d 645, 652 [334 P.2d 991].) ■ We conclude that section 91005.5 does not provide a private citizen standing to bring a civil action.

Steadman notes that in its February 14, 2007, letter in response to her administrative complaint, the FPPC stated, "[Y]ou have requested that the Commission file a civil action in this matter. We have decided to pursue this under the administrative sanctions provided in Government Code section 83116 and do not intend to file a civil action. This response permits you to proceed with a civil action in accordance with Section 91007(a)(2)." (Bold-face omitted.) Section 91007, subdivision (a) provides that persons bringing civil actions under sections 91004 and 91005 must first file a written request with the civil prosecutor. The FPPC, however, has no authority to confer jurisdiction beyond that provided in the PRA, and we do not read the FPPC's letter as attempting to do so.

Steadman next asserts that section 91007 expressly contemplated her civil enforcement suit, including the ninth cause of action. Section 91007, subdivision (b) requires "[a]ny person" filing a complaint pursuant to section 91005.5 to serve a copy of the complaint on the FPPC within 10 days of such filing. She argues she is a "person" as that term is broadly defined in the PRA. However, the Legislature has demonstrated that when it intends to create a private civil enforcement action for violations of the PRA, it does so in clear and explicit language (§§ 91004, 91005), not by a tortured cobbling together of inferences from general definition statutes.

■ We conclude that section 91005.5 does not provide for a private enforcement action for violations of sections 89512.5, 89513, and 89514. The ninth cause of action should be stricken on the basis that Steadman lacks standing to bring such a claim.

## IV.   DISPOSITION

The order appealed from is reversed. Costs of appeal are awarded to Defendant and Appellant.

Richli, J., and Gaut, J., concurred.