[No. F033184. Fifth Dist. Mar. 7, 2001.]

MORTON ENGINEERING & CONSTRUCTION, INC., Plaintiff and
Respondent, v.
STANLEY DOUGLAS PATSCHECK, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II-VI.

COUNSEL

Law Offices of Brett V. Myers and Brett V. Myers for Defendant and Appellant.

Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball, Barry L. Goldner and Timothy G. Scanlon for Plaintiff and Respondent.

OPINION

**CORNELL, J.**—Respondent Morton Engineering & Construction, Inc. (Morton), was hired by appellant Stanley Douglas Patscheck (Patscheck), as a subcontractor on a public works project. Patscheck failed to pay Morton for its work. Morton obtained a judgment that included penalties for failure to pay progress payments and retention proceeds within the time required by Business and Professions Code section 7108.5[1] and Public Contract Code section 7107.

Patscheck appeals asserting the penalty provision in section 7108.5 can only be awarded in a disciplinary action before the Contractors' State License Board (CSLB), the trial court miscalculated the interest and penalties, and Morton was not entitled to payment for the extra work.

In the published portion of this opinion we conclude the penalty provision found in section 7108.5 is recoverable in either a disciplinary action before the CSLB or in a civil action filed by the subcontractor. We will affirm the judgment.

### STATEMENT OF FACTS AND THE CASE

El Tejon Unified School District (School District) contracted with Patscheck for what appears to be the construction of a gymnasium and football stadium (Prime Contract). Patscheck hired various subcontractors including Raul Gonzales (Gonzales). Gonzales, who was to provide the concrete and structural steel for the project, apparently breached the subcontract and was overpaid, causing Patscheck financial problems on the project.

After Gonzales abandoned the project, Patscheck entered into an oral agreement with plaintiff to complete the concrete work for the sum of $112,800. Morton completed the work in accordance with the plans and specifications.

By September 1996, Patscheck received payment for the entire contract amount from the School District, less the 10 percent retention. Patscheck failed to pay Morton $31,520 admittedly due under the contract. The reason given by Patscheck was the financial problems caused by Gonzales.

Morton filed a complaint in February 1998 containing five causes of action including breach of contract and various common counts to recover

---

[1]All statutory references will be to the Business and Professions Code unless otherwise stated.

the same sum of money. Penalties pursuant to section 7108.5 and Public Contract Code section 7107 were requested. Patscheck timely filed an answer asserting various affirmative defenses.

Patscheck was paid all retention proceeds by July 1998. When Patscheck received the retention proceeds from the School District, he apparently offered Morton $42,800 as full and final settlement of all claims arising out of the project.[2] This was the amount Patscheck admitted was due Morton under the contract, but excluded the extra work, interest and penalties. Morton rejected the offer.

A one-half-day court trial resulted in judgment for Morton in the amount of $111,316.73 which included all sums due under the contract plus the extra work, interest, penalties, attorney fees and costs. Neither side requested a statement of decision.

## DISCUSSION

### I. *The Penalty in Section 7108.5 Is Recoverable in a Civil Action*

 Section 7108.5[3] provides that upon receipt of a progress payment, the contractor must pay any subcontractor within 10 days the amounts allowed the contractor for the work performed by the subcontractor. The contractor may withhold from a progress payment up to 150 percent of any amount over which a good faith dispute exists. Two sanctions are provided in the event that a contractor fails to pay the subcontractor as required: a

---

[2]The answer alleges Patscheck offered Morton all amounts due, but no evidence was admitted at trial on this assertion. Nonetheless, Patscheck argues throughout his brief that he offered Morton $42,800 to settle this matter.

[3]Section 7108.5 provides:

"A prime contractor or subcontractor shall pay to any subcontractor, not later than 10 days of receipt of each progress payment, unless otherwise agreed to in writing, the respective amounts allowed the contractor on account of the work performed by the subcontractors, to the extent of each subcontractor's interest therein. In the event that there is a good faith dispute over all or any portion of the amount due on a progress payment from the prime contractor or subcontractor to a subcontractor, then the prime contractor or subcontractor may withhold no more than 150 percent of the disputed amount.

"Any violation of this section shall constitute a cause for disciplinary action and shall subject the licensee to a penalty, payable to the subcontractor, of 2 percent of the amount due per month for every month that payment is not made. In any action for the collection of funds wrongfully withheld, the prevailing party shall be entitled to his or her attorney's fees and costs.

"The sanctions authorized under this section shall be separate from, and in addition to, all other remedies either civil, administrative, or criminal.

"This section applies to all private works of improvement and to all public works of improvement, except where Section 10262 of the Public Contract Code applies."

disciplinary proceeding and/or a penalty of 2 percent per month on the outstanding balance payable to the subcontractor (2 percent penalty). In the event an action is instituted to collect funds wrongfully withheld, the prevailing party is entitled to recover attorney fees and costs. The issue raised by this appeal is whether the subcontractor can recover the 2 percent penalty in a disciplinary proceeding before the CSLB, or in a civil action, or in both. There is no published authority interpreting the statute.

■ Our primary task in construing a statute is to determine the Legislature's intent. (*Brown v. Kelly Broadcasting Co.* (1989) 48 Cal.3d 711, 724 [257 Cal.Rptr. 708, 771 P.2d 406].) We first turn to the words themselves for the answer. (*People v. Knowles* (1950) 35 Cal.2d 175, 182 [217 P.2d 1].) When statutory language is clear and unambiguous there is no need for construction, and we will not indulge in it. (*Solberg v. Superior Court* (1977) 19 Cal.3d 182, 198 [137 Cal.Rptr. 460, 561 P.2d 1148].) We will not speculate that the Legislature meant something other than what it said. Nor will we rewrite a statute to posit an unexpressed intent. (*Woodmansee v. Lowery* (1959) 167 Cal.App.2d 645, 652 [334 P.2d 991].) If the intent of the Legislature cannot be gleaned from the language of the statute, we may consider the legislative history of the statute. (*People v. Snook* (1997) 16 Cal.4th 1210, 1219 [69 Cal.Rptr.2d 615, 947 P.2d 808]; *Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387 [241 Cal.Rptr. 67, 743 P.2d 1323].)

■ Neither of the two sanctions found in section 7108.5 states the forum in which it can be recovered. Naturally, only the CSLB can discipline a contractor. (§ 7090.) However, it does not automatically follow that the 2 percent penalty can only be recovered in proceedings before the CSLB. Since section 7108.5 does not limit recovery of the 2 percent penalty only to disciplinary proceedings, the plain meaning of the statute would appear to allow recovery of the 2 percent penalty in either a disciplinary proceeding or a civil action.

Patscheck contends that had the Legislature intended the 2 percent penalty to be recoverable in a civil action, it would have included the provision in the sentence that authorizes recovery of attorney fees and costs to the successful civil litigant. According to Patscheck, by including the penalty in the sentence that also exposes a violating contractor to discipline before the CSLB, the Legislature evinced the intent to allow recovery of the 2 percent penalty only in actions before the CSLB. In other words, the first sentence is limited to proceedings before the CSLB and the second sentence is applicable to civil actions.

We do not find the emphasis on which sentence the 2 percent penalty is included to be justified. The first sentence indicates the two sanctions to which a contractor who violates section 7108.5 may be subject. The second sentence is not a sanction against the contractor. The subcontractor who institutes the collection action also is subject to attorney fees if the court rejects his or her claim. A provision that has equal application to both parties is not a sanction against one of the parties. Therefore, we conclude that placing the sanctions and attorney fees provision in separate sentences does not indicate an intent on the part of the Legislature to allow recovery of the 2 percent penalty only in disciplinary actions.

We look to the legislative history of the statute if it is susceptible to more than one interpretation to assist in determining the intent of the Legislature. (*Robinson v. Fair Employment & Housing Com.* (1992) 2 Cal.4th 226, 234 [5 Cal.Rptr.2d 782, 825 P.2d 767].) The 2 percent penalty was added to the statute by amendment in 1990. Prior to this amendment, the only sanction was a disciplinary action before the CSLB. Despite the threat of discipline, the Legislature found there was a continuing problem with subcontractors receiving timely payment for their work; the amendment was to provide an incentive for contractors to pay subcontractors in a timely manner by providing remedies to the unpaid subcontractor. Repeated references are made to subjecting the contractor to a penalty of 2 percent per month and attorney fees.[4]

The optimum method to achieve the stated goals of this legislation is to allow recovery of the penalty both in disciplinary proceedings and in civil actions. The numerous references in the legislative history to subjecting the contractor to the 2 percent penalty and attorney fees supports our interpretation since a contractor is exposed to both items of recovery only in a civil action.

We do not agree with Patscheck that allowing recovery of prejudgment interest (Civ. Code, § 3287) and the 2 percent penalty would result in a double recovery for the subcontractor. Patscheck ignores the distinct purposes of the two items of recovery. Prejudgment interest is intended to

---

[4]See, e.g., Assembly Committee on Governmental Efficiency and Consumer Protection, Report on Assembly Bill No. 2620 (1989-1990 Reg. Sess.); Assembly Committee on Governmental Efficiency and Consumer Protection, Republican Analysis of Assembly Bill No. 2620 (1989-1990 Reg. Sess.) March 9, 1990; Senate Committee on Judiciary, Analysis of Assembly Bill No. 2620 (1989-1990) Reg. Sess.) as amended May 16, 1990; Assembly Committee on Governmental Efficiency and Consumer Protection, third reading analysis of Assembly Bill No. 2620 (1989-1990 Reg. Sess.) as amended March 8, 1990; Assembly Concurring in Senate Amendment to Assembly Bill No. 2620 (1989-1990 Reg. Sess.) as amended June 1, 1990.

compensate the subcontractor for loss of use of the funds. (*Wisper Corp. v. California Commerce Bank* (1996) 49 Cal.App.4th 948, 960 [57 Cal.Rptr.2d 141].) The 2 percent penalty is intended to penalize the contractor for failing to comply with statutory requirements. To preclude recovery of both the 2 percent penalty and prejudgment interest would defeat the purpose of the statute and reduce the impact of the 2 percent penalty. If the Legislature had intended this result, it would have so stated. (See, e.g., Pub. Contract Code, § 7107.)

Patscheck's reliance on the legislative history of the 1996 amendment to section 7108.5 is misplaced. In 1996 the Legislature amended section 7108.5 to clarify that the 2 percent penalty was payable to the subcontractor and not the CSLB. The legislation was proposed by the CSLB to "clean up" several statutes. The legislative history indicates that even though the statute had been interpreted to mean the contractor was to pay the 2 percent penalty to the subcontractor, the Attorney General had to argue on several occasions that the 2 percent penalty was not to be paid to the CSLB. (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Sen. Bill No. 1557 (1995-1996 Reg. Sess.) as amended Aug. 21, 1996, p. 3.)

Patscheck reasons that since the Attorney General argued that the penalty was to be paid to the subcontractor, the penalty was being pursued in a disciplinary action. According to Patscheck, this is evidence that the Legislature intended recovery of the 2 percent penalty only in disciplinary proceedings.

This language in the legislative history to the 1996 amendment does not support this conclusion. It is unclear from the cited comment whether the Attorney General was required to make this argument in a disciplinary proceeding or in a civil action instituted by the subcontractor in opposition to the contractor's argument that the 2 percent penalty was only recoverable by the CSLB. Moreover, our conclusion that section 7108.5 allows recovery of the 2 percent penalty in either a disciplinary proceeding or a civil action is consistent with the Attorney General appearing either before the CSLB or a trial court.

We also find support for our conclusion in Public Contract Code sections 7107 and 10262.5. (*Dyna-Med, Inc. v. Fair Employment & Housing Com., supra,* 43 Cal.3d at p. 1387 [statutes relating to the same subject must be harmonized to the extent possible].) Public Contract Code section 7107,[5] subdivision (d) requires the contractor on any work of public improvement to pay the subcontractor its portion of the retention proceeds within seven

---

[5]Public Contract Code section 7107 states:

days of receipt by the contractor.[6] The failure of the contractor to comply with this requirement subjects the contractor, in lieu of interest, to a penalty of 2 percent per month on the outstanding balance due the subcontractor. (Pub. Contract Code, § 7107, subd. (f).) An attorney fee provision identical to that contained in section 7108.5 is included. (Pub. Contract Code, § 7107, subd. (f).)

Public Contract Code section 10262.5[7] is the companion section to section 7108.5 for contacts within the State Contract Act (Pub. Contract Code,

"(a) This section is applicable with respect to all contracts entered into on or after January 1, 1993, relating to the construction of any public work of improvement.

"(b) The retention proceeds withheld from any payment by the public entity from the original contractor, or by the original contractor from any subcontractor, shall be subject to this section.

"(c) Within 60 days after the date of completion of the work of improvement, the retention withheld by the public entity shall be released. In the event of a dispute between the public entity and the original contractor, the public entity may withhold from the final payment an amount not to exceed 150 percent of the disputed amount. For purposes of this subdivision, 'completion' means any of the following: [¶] . . . [¶]

"(d) Subject to subdivision (e), within seven days from the time that all or any portion of the retention proceeds are received by the original contractor, the original contractor shall pay each of its subcontractors from whom retention has been withheld, each subcontractor's share of the retention received. However, if a retention payment received by the original contractor is specifically designated for a particular subcontractor, payment of the retention shall be made to the designated subcontractor, if the payment is consistent with the terms of the subcontract.

"(e) The original contractor may withhold from a subcontractor its portion of the retention proceeds if a bona fide dispute exists between the subcontractor and the original contractor. The amount withheld from the retention payment shall not exceed 150 percent of the estimated value of the disputed amount.

"(f) In the event that retention payments are not made within the time periods required by this section, the public entity or original contractor withholding the unpaid amounts shall be subject to a charge of 2 percent per month on the improperly withheld amount, in lieu of any interest otherwise due. Additionally, in any action for the collection of funds wrongfully withheld, the prevailing party shall be entitled to attorney's fees and costs. [¶] . . . [¶]

"(h) Any attempted waiver of the provisions of this section shall be void as against the public policy of this state."

[6]At the time of this action, the contractor had 10 days to pay the subcontractor his share of the retention proceeds.

[7]Public Contract Code section 10262.5, subdivision (a) states: "Notwithstanding any other provision of law, a prime contractor or subcontractor shall pay to any subcontractor, not later than 10 days of receipt of each progress payment, the respective amounts allowed the contractor on account of the work performed by the subcontractors, to the extent of each subcontractor's interest therein. In the event that there is a good faith dispute over all or any portion of the amount due on a progress payment from the prime contractor or subcontractor, then the prime contractor or subcontractor may withhold no more than 150 percent of the disputed amount.

"Any contractor who violates this section shall pay to the subcontractor a penalty of 2 percent of the amount due per month for every month that payment is not made. In any action

§ 10100 et seq.). A general contractor is required to pay subcontractors their portion of the progress payment within 10 days of the contractor receiving the progress payment. (Pub. Contract Code, § 10262.5, subd. (a).) Failure of the contractor to comply with the requirements of this section requires the contractor to pay the subcontractor a penalty of 2 percent of the outstanding balance per month for every month the balance remains unpaid. (*Ibid.*) An attorney fee provision identical to that contained in section 7108.5 is included. (Pub. Contract Code, § 10262.5, subd. (a).) The sanctions in Public Contract Code sections 10262.5 and 7107 do not include discipline by the CSLB.

*Washington International Insurance Com. v. Superior Court* (1998) 62 Cal.App.4th 981 [73 Cal.Rptr.2d 282] concluded that Public Contract Code section 10262.5 authorized a subcontractor to recover the 2 percent penalty in a civil action. (62 Cal.App.4th at p. 987.) The pertinent language of Public Contract Code section 10262.5 is virtually identical to Public Contract Code section 7107. Therefore, the conclusion of the court in *Washington International* that the 2 percent penalty is recoverable in civil actions under Public Contract Code section 10262.5 is equally applicable to actions under Public Contract Code section 7107.[8]

Patscheck correctly points out that there is no mention in Public Contract Code section 10262.5 of disciplinary action and, therefore, *Washington International* is distinguishable from this case. However, section 7108.5, Public Contract Code section 10262.5 and Public Contract Code section 7107 all serve the same remedial purpose: to encourage general contractors to pay timely their subcontractors and to provide the subcontractor with a remedy in the event that the contractor violates the statute. It would be inconsistent to hold that a subcontractor could not recover the 2 percent penalty in a civil action under section 7108.5, but could do so under Public Contract Code sections 10262.5 and 7107. If we preclude recovery of the 2 percent penalty in civil actions under section 7108.5 in this case, Morton would be entitled to recover the 2 percent penalty on the withheld retention proceeds under Public Contract Code section 7107, but would not be able to recover the 2 percent penalty on the withheld progress payment. We do not think the Legislature intended such an inconsistent result.

---

for the collection of funds wrongfully withheld, the prevailing party shall be entitled to his or her attorney's fees and costs."

[8]Morton in this action recovered the 2 percent penalty on the wrongfully withheld retention proceeds. Patscheck does not contend this penalty was improperly assessed.

II.-VI.*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is affirmed. Costs on appeal awarded to Morton.

Vartabedian, Acting P. J., and Buckley, J., concurred.

---

*See footnote, *ante,* page 712.